UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNITH W. MONTGOMERY** | : | **DOCKET NO. 2:18-cv-1288** |
| **D.O.C. # 123966** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **JERRY GOODWIN** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kenneth W. Montgomery, who is proceeding *pro se* in this matter. Montgomery is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at David Wade Correctional Center in Homer, Louisiana.

This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636. For the following reasons **IT IS RECOMMEDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

Montgomery brings this petition to attack his 2013 conviction in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, for two counts of distribution of powder cocaine and the resulting thirty-year sentences he received for each count. Doc. 1. As grounds for relief he claims: (1) ineffective assistance of trial counsel and (2) imposition of excessive sentences/erroneous application of a sentencing enhancement. *Id.* Montgomery previously sought

federal habeas relief in this court for the same conviction and sentences through a petition filed in this court under 28 U.S.C. § 2254 on January 9, 2018, and rejected on the merits on August 24, 2018. *See Montgomery v. Goodwin*, No. 2:18-cv-0067 (W.D. La. Aug. 27, 2018). In those proceedings Montgomery voluntarily dismissed an ineffective assistance of counsel claim as unexhausted, and the court reviewed his remaining claims on the merits.[1] *See id.* at docs. 5, 8, 26. Montgomery has filed a Notice of Appeal to the Fifth Circuit, and his appeal is currently pending before that court. *Id.* at doc. 37. He also filed the instant petition in this court on September 24, 2018. Doc. 1.

## II.
### LAW & APPLICATION

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, prohibits repeated and abusive challenges to the same conviction. Accordingly, the following restrictions are placed on "second or successive" habeas petitions:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

---

[1] Montgomery later challenged our conclusion that the ineffective assistance claim was unexhausted and sought to revive it via a "Motion to Re-Amend." *See Montgomery*, No. 2:18-cv-0067, at doc. 30. The court denied his motion, agreeing that the claim was unexhausted. *Id.* at doc. 39.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). A petitioner cannot proceed in the district court with a second or successive habeas petition unless he first obtains an order from the appropriate court of appeals, authorizing the district court to consider the petition based on the determination of a three-judge panel that the petitioner has made a prima facie showing that his petition satisfies the above requirements. *Id.* at § 2244(b)(3).

A federal habeas application filed after an earlier application was dismissed without prejudice for failure to exhaust state court remedies is not a "second or successive" application. *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012). This applies even when the court considers other claims in the first petition on the merits. *See id.* at 176 ("[D]istrict courts cannot send petitioners on wild goose chases by permitting them to split their exhausted and unexhausted claims . . . only to then deny them habeas relief once they have exhausted their state remedies.") In this matter, however, Montgomery does not allege that he has exhausted his ineffective assistance claim and it is scarcely believable that he could have done so in the time between filing his first and second petitions in this court.[2]

---

[2] Montgomery claims exhaustion of his excessive sentence claim. Doc. 1, p. 12. Having discovered no claim in reviewing his previous petition, we assume for the sake of argument only that he is correct.

The district court may raise the issue of exhaustion on its own accord. *Carty v. Thaler*, 583 F.3d 244, 257 n. 10 (5th Cir. 2009). As we informed Montgomery on review of his last petition, the federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Montgomery has not asserted any justification for staying this matter pending state review, especially in light of the fact that he appears to have made no attempt at exhaustion after we first pointed out the need to do so and the fact that he is a sanctioned/barred litigant with a history of vexatious filings in this district.[3] Furthermore, even if Montgomery did exhaust his sentencing claim as he maintains, the court cannot entertain "mixed" petitions containing exhausted and unexhausted claims. *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005). Were we to allow dismissal of the unexhausted ineffective assistance claim, then this petition would become a second or successive one (assuming *arguendo* that the excessive sentence claim is exhausted), for which Montgomery has not obtained authorization from the Fifth Circuit. Accordingly, there is no basis for allowing piecemeal litigation of the petition by once again splitting the unexhausted and potentially exhausted claims. Instead, the matter should be dismissed without prejudice.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** due to the presence of unexhausted claim(s).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

---

[3] As we explained last time, such a stay should only be granted when the petitioner shows good cause for his failure to exhaust. *Rhines v. Weber*, 125 S.Ct. 1528, 1534–35 (2005).

file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 4th day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE